ROBERT N. BLACK, ESQ. (SBN 70178)
CITY ATTORNEY (*rblack@eurekaca.gov*)
GREGORY M. HOLTZ, ESQ. (SBN 293280)
DEPUTY CITY ATTORNEY (*gholtz@eurekaca.gov*)
City of Eureka
531 K Street
Eureka, CA 95501
Telephone: (707) 441-4147

Attorneys for City of Eureka

Not subject to filing fees pursuant to
Government Code Section 6103

# IN THE UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SANTA ROSA DIVISION

In Re:

ZEPHYR HOSPITALITY, LLC,
    Debtor.

Case No. 26-10132

Chapter 11

**MOTION FOR RELIEF FROM STAY;
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF**

Case Filed:    March 5, 2026
Hearing Date:  May 5, 2026
Hearing Time: 9:30 a.m.
Place:   U.S. Courthouse
1300 Clay Street, Courtroom 220
Oakland CA 94612

 Hon. William H. Lafferty

Creditor the City of Eureka hereby moves for annulment of the automatic stay with respect to the real property located at 900 New Navy Base Road, Samoa, CA 95564, Humboldt County APN 401-141-004 (Property).

Case: 26-10132   Doc# 23   Filed: 03/23/26   Entered: 03/23/26 15:12:41   Page 1 of 6

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Creditor the City of Eureka seeks annulment of the automatic stay to enforce the state court judgment that it obtained against the Debtor for, inter alia, possession of real property. The Debtor's commercial lease in the real property was terminated for failure to pay rent by a notice served in November 2025, and the City continues to lose potential revenue while the Debtor continues in possession. The Debtor's first bankruptcy case was dismissed, and its second appears intended to delay the City's ability to regain possession of its property. Annulment of the stay would validate the City's writ for possession issued by the Superior Court on March 10, 2026.

### II. STATEMENT OF FACTS

On December 2, 2025, the City filed an action for unlawful detainer in Humboldt County Superior Court, after terminating the Debtor's lease for nonpayment of an estimated $42,288 at a property owned by the City and known as 900 New Navy Base Road, Samoa, CA 95564, Humboldt County APN 401-141-004 (Property). (Compl., *City of Eureka v. Zephyr Hospitality, LLC*, Case No. CV2502596 (Dec. 2, 2025); Decl. Slattery, ¶¶ 4-5.) On December 18, 2025, the City submitted its request for entry of default and judgment, with supporting documents. (Req. Entry Default (Dec. 18, 2025), Decl. Default J. (Dec. 18, 2025), [proposed] J. (Dec. 18, 2025) & [proposed] Writ of Execution (Dec. 18, 2025), *City of Eureka v. Zephyr Hospitality, LLC*, Case No. CV2502596.) On December 23, 2025, the Debtor filed its first petition for bankruptcy. (Docket No. 1, Petition # 25-10808, N.D. Cal.) On December 24, 2025, the Superior Court entered default (Entry J. *City of Eureka v. Zephyr Hospitality, LLC*, Case No. CV2502596 (Dec 24, 2025),) and, on December 29, 2025, entered judgment (J., *City of Eureka v. Zephyr Hospitality, LLC*, Case No. CV2502596 (Dec. 29, 2025).) On January 6, 2026, the City received notice of the Debtor's first bankruptcy petition. (Decl. Christine Lopez Supp. Mot. Set Aside Entry Default and J. *City of Eureka v. Zephyr Hospitality, LLC*, Case No. CV2502596 (Jan 22, 2026).) The Debtor's first petition was dismissed for lack of representation on January 28, 2026. (Docket No. 24, Petition # 25-10808, N.D. Cal.)

On January 22, 2026, the City filed a motion in Superior Court to vacate the entry of default and judgment due to the automatic stay that was in effect during the pendency of the first bankruptcy

case. (Mot. Set Aside Entry Default and J., *City of Eureka v. Zephyr Hospitality, LLC*, Case No. CV2502596 (Jan 22, 2026).) On February 20, 2026, the Superior Court granted the motion, issuing an order to re-enter default and judgment, *nunc pro tunc*, for January 29, 2026. (Order, *City of Eureka v. Zephyr Hospitality, LLC*, Case No. CV2502596 (Feb. 20, 2026).)

On March 5, 2026, the Debtor filed its second bankruptcy petition. (Docket No. 1, Petition # 26-10132, N.D. Cal.) On March 6, 2026, without knowledge of the second bankruptcy petition, the City lodged a writ of execution with the Superior Court. (Order, *City of Eureka v. Zephyr Hospitality, LLC*, Case No. CV2502596 (Feb. 20, 2026); *see* Decl. Slattery, ¶ 8 (attached herewith).) Also on March 6, 2026, the Debtor informed the City of the second bankruptcy petition. (Writ of Possession (Filed), *City of Eureka v. Zephyr Hospitality, LLC*, Case No. CV2502596 (March 6, 2026).) On March 10, 2026, the Superior Court issued a writ of execution listing the property for levy. (Writ of Possession (Issued), *City of Eureka v. Zephyr Hospitality, LLC*, Case No. CV2502596 (March 10, 2026).)

### III.   ARGUMENT

**A. The Court should annul the stay for cause to allow the City to enforce its state court judgment.**

The Bankruptcy Code permits a party in interest to request relief from the automatic stay imposed by section 362(a). (11 U.S.C. § 362(d).) Relief includes annulment, which has retroactive effect. (*Mataya v. Kissinger* (*In re Kissinger*), 72 F.3d 107, 109 (9th Cir. 1995).) One basis for relief under the Code is "cause," which, in the Ninth Circuit, is determined by balancing the equities. (*Nat'l Envtl. Waste Corp. v. City of Riverside* (*In re Nat'l Envtl. Waste Corp.*), 129 F.3d 1052, 1055 (9th Cir. 1997). A twelve-factor tests informs this inquiry:

> 1. Number of [bankruptcy] filings;
> 2. Whether, in a repeat filing case, the circumstances indicate an intention to delay and hinder creditors;
> 3. A weighing of the extent of prejudice to creditors or third parties if the stay relief is not made retroactive, including whether harm exists to a bona fide purchaser;
> 4. The Debtor's overall good faith (totality of circumstances test) . . . ;
> 5. Whether creditors knew of stay but nonetheless took action, thus

Case: 26-10132   Doc# 23   Filed: 03/23/26   Entered: 03/23/26 15:12:41   Page 3 of 6

compounding the problem;

6. Whether the debtor has complied, and is otherwise complying, with the Bankruptcy Code and Rules;

7. The relative ease of restoring parties to the status quo ante;

8. The costs of annulment to debtors and creditors;

9. How quickly creditors moved for annulment, or how quickly debtors moved to set aside the sale or violative conduct;

10. Whether, after learning of the bankruptcy, creditors proceeded to take steps in continued violation of the stay, or whether they moved expeditiously to gain relief;

11. Whether annulment of the stay will cause irreparable injury to the debtor;

12. Whether stay relief will promote judicial economy or other efficiencies.

(*Fjeldsted v. Lien* (*In re Fjeldsted*), 293 B.R. 12, 25 (B.A.P. 9th Cir. 2003).)

Here, application of the *Fjeldsted* factors demonstrates that the balance of equities tips in favor of the City:

- First, the Debtor has filed multiple bankruptcy petitions.

- Second, because the Debtor did not make any progress in its first bankruptcy petition nor file any response to the unlawful detainer, the Debtor appears to be using Bankruptcy Court to delay the state court process.

- Third, relief from the stay that is not retroactive would increase the cost and delay to the City by requiring it to submit a new writ of execution, further delaying restoration of possession of real property for which the City has received no rental payment in years.

- Fourth, the Debtor has not demonstrated an intent to use bankruptcy in good faith because she has not complied with orders of this Court.

- Fifth, upon learning of each of the Debtor's bankruptcy filings, the City took no action in violation of the stay; in fact, the City took its own initiative to vacate the entry of default and judgment filed in error by the Superior Court during the stay.

- Sixth, the Debtor thus far has failed to comply with the Bankruptcy Code and Rules, resulting in the dismissal of its first bankruptcy petition.

- The seventh factor may tip in the Debtor's favor, as the City intends to relet the premises,

Case: 26-10132   Doc# 23   Filed: 03/23/26   Entered: 03/23/26 15:12:41   Page 4 of 6

preventing the restoration of the status quo at a later date.

- Eighth, there is no cost to annulment to the Debtor or other creditors, as issuance of the writ is a ministerial act based on the entry of default and judgment that predate the second bankruptcy petition.
- Ninth, the City is acting quickly, filing its motion for relief within one week of the Debtor's second bankruptcy petition.
- Tenth, the City has taken no action violative of the stay, and instead has demonstrated compliance with the Bankruptcy Code and Rules, starting with its motion to correct the state court's error and continuing with this motion.
- Eleventh, there can be no irreparable injury to the Debtor caused by annulment of the stay because the Debtor's interest in the property was terminated by the state court.
- Twelfth, annulment promotes judicial economy by allowing the completion of the state court unlawful detainer.

Since eleven of twelve factors favor the City, the Court should find that the balance of equities tips in favor of the City and annul the stay.

### B. The Court should annul the stay because the Debtor has no equity in the property, nor is it necessary to an effective reorganization.

A second basis for relief under section 362(d) is available when both a debtor lacks equity in the property and the property is not necessary for an effective reorganization. (11 U.S.C. § 362(d)(2).) Under the second prong, to meet its burden to show that the property is necessary for effective reorganization, a debtor must have a "reasonable possibility of successful reorganization." (*United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 376 (1988).)

Here, there should be no dispute that the Debtor lacks equity in the property. The City owns the property, and the Debtor took possession of it under a lease that has since been terminated by the City. The Superior Court judgment against the Debtor, entered before the Debtor filed its second bankruptcy petition, is undisturbed by the automatic stay.

Under the second prong, the Debtor will be unable to show any realistic possibility of

Case: 26-10132   Doc# 23   Filed: 03/23/26   Entered: 03/23/26 15:12:41   Page 5 of 6

reorganization that includes Property when it no longer has the right to occupy the Property.  In addition to the judgment of possession, the Debtor is also subject to a monetary judgment in the amount of $53,973.33.  While the Debtor may not be able to operate its business without the property, the use of the property to reorganize is an impossibility.  The Court should annul the stay to allow the City to regain possession of its property.

**C. The Court should annul the stay because it is part of a scheme to delay the City's enforcement of its judgment by filing multiple bankruptcy petitions.**

A third basis for relief is a finding that a debtor filed a petition as party of a scheme to "delay, hinder, or defraud creditors that involved . . . multiple bankruptcy filings affecting such real property." (11 U.S.C. § 362(d)(4).)

Here, the Debtor filed its first petition days after the City requested its judgement for unlawful detainer, then failed to comply with this Court's Order granting more time to find an attorney, resulting in the dismissal of the petition.  Its second petition comes days after the City obtained its judgment for unlawful detainer, but before the state court issued a writ of execution identifying the property for levy, and again is filed without an attorney.  As discussed above, the property is unavailable to the Debtor as part of any reorganization plan, and the filing of the second petition operates solely to delay the City's enforcement of its judgment.

**IV. CONCLUSION**

The Court should annul the stay against enforcement of the City's judgment for possession of the real property occupied by the Debtor under a commercial lease.

Dated: March 23, 2026

_gregory holtz_____
Gregory M. Holtz
Deputy City Attorney
City of Eureka

Case: 26-10132   Doc# 23   Filed: 03/23/26   Entered: 03/23/26 15:12:41   Page 6 of 6