# OPPOSITION TO CITY OF EUREKA'S MOTION FOR RELIEF FROM STAY



UNITED STATES BANKRUPTCY COURT

Northern District of California

In re:

Zephyr Hospitality LLC

Debtor

Case No.: 26-10132

## OPPOSITION TO CITY OF EUREKA'S MOTION FOR RELIEF FROM STAY

### I. INTRODUCTION

Debtor, Zephyr Hospitality LLC ("Debtor"), hereby opposes the City of Eureka's Motion for Relief from Stay.

The City seeks extraordinary relief, including retroactive annulment of the automatic stay, based on an incomplete and misleading characterization of the Debtor's operations, financial condition, and intent.

The Debtor is actively operating, generating consistent revenue, maintaining payroll, and paying post-petition rent obligations. This case was filed in good faith to stabilize and reorganize a functioning business.

Relief from stay is not warranted and would cause immediate and irreparable harm to the Debtor's business.

Case: 26-10132   Doc# 32   Filed: 04/01/26   Entered: 04/01/26 14:22:06   Page 1 of 8

## II. THE DEBTOR IS OPERATING AND PERFORMING POST-PETITION

Since filing this case, the Debtor has:

- Generated approximately $18,000 per month in revenue

- Maintained current payroll obligations

- Paid post-petition rent in the ordinary course of business

- Maintained approximately $5,000 in cash on hand

- Controlled operating expenses at approximately $1,000 per week

The Debtor has also filed a Monthly Operating Report demonstrating transparency and compliance.

These facts directly contradict the City's assertion that this case is merely a delay tactic.

---

## III. THE PROPERTY IS NECESSARY FOR AN EFFECTIVE REORGANIZATION

The Property is essential to the Debtor's business operations.

Without the Property:

- The business cannot operate

- Revenue ceases

- Reorganization becomes impossible

With the Property:

- The business is operational

- Revenue is being generated

- Obligations are being met

The Debtor has demonstrated a reasonable possibility of successful reorganization.

## IV. THE CITY HAS NOT ESTABLISHED CAUSE FOR RELIEF OR ANNULMENT

The City's request for relief, including retroactive annulment of the automatic stay, is extreme and unwarranted.

The Debtor has acted in good faith:

- This case was filed to reorganize an operating business

- The Debtor is complying with reporting requirements

- Payroll obligations are current

- Post-petition rent is being paid

The prior case was impacted by temporary disruption and lack of representation and does not establish bad faith.

## V. THE CITY HAS NOT ESTABLISHED THAT THE LEASE WAS IRREVOCABLY TERMINATED PRE-PETITION

The City's motion relies heavily on the assertion that the Debtor's lease was fully terminated prior to the filing of this case. That issue is disputed and not conclusively established.

Questions regarding:

- Lease termination

- Possession

- Enforcement of judgment

are properly determined by this Court.

The Debtor remains in possession of the Property and is performing post-petition obligations, including payment of rent.

Where a debtor remains in possession and continues to perform, courts routinely deny stay relief where termination issues remain subject to dispute.

The City's request for relief improperly seeks to bypass this Court's authority.

## VI. THE CURRENT CASE WAS FILED IN GOOD FAITH

The City's allegation that this case was filed as part of a scheme to delay creditors is incorrect.

The Debtor's prior case was dismissed due to lack of representation during a period of disruption, not bad faith.

Since filing the present case, the Debtor has:

- Filed a Monthly Operating Report

- Maintained payroll

- Paid post-petition rent

- Continued operating its business

These actions demonstrate good faith and a genuine intent to reorganize.

## VII. ANNULMENT OF THE STAY IS AN EXTRAORDINARY REMEDY AND IS NOT WARRANTED

Annulment of the automatic stay is an extraordinary remedy that should be granted only in limited circumstances.

Here, the equities strongly favor maintaining the stay:

- The Debtor is actively operating

- Employees and business operations are ongoing

- The Debtor is performing post-petition obligations

- The Debtor is maintaining the Property and paying rent

Granting annulment would result in immediate and irreparable harm by shutting down an ongoing business.

In contrast, the City's alleged harm is economic and can be addressed through the bankruptcy process.

## VIII. BALANCING OF EQUITIES FAVORS THE DEBTOR

The balance of equities weighs strongly in favor of maintaining the stay:

- The Debtor is operating and generating revenue

- The Debtor is complying with bankruptcy requirements

- The Debtor is preserving jobs and business operations

- Loss of the Property would immediately destroy the business

The City has not demonstrated sufficient cause to override these considerations.

## IX. CONCLUSION

The Debtor is operating, performing, and working toward reorganization in good faith.

The City has not met its burden to justify relief from stay or annulment.

The Motion should be denied in its entirety.

---

Dated: March 30, 2026

/s/ Nicole R. Fryer

Nicole R. Fryer

Debtor, Zephyr Hospitality LLC

---



# DECLARATION OF NICOLE R. FRYER

---

I, Nicole R. Fryer, declare:

1. I am the Debtor in this case.

2. The business is currently operating.

3. The business is generating approximately $18,000 per month in revenue.

4. Payroll obligations are current and have been paid.

5. Post-petition rent is being paid and maintained in the ordinary course of business.

6. The business maintains approximately $5,000 in cash on hand.

7. Operating expenses are approximately $1,000 per week.

8. A Monthly Operating Report has been filed.

9. Payroll taxes have been paid, and other tax obligations are being addressed and tracked.

10. The Property is essential to the operation of the business.

11. Without the Property, the business cannot continue.

12. This case was filed in good faith to reorganize and stabilize operations.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 30, 2026

/s/ Nicole R. Fryer

Nicole R. Fryer

Case: 26-10132   Doc# 32   Filed: 04/01/26   Entered: 04/01/26 14:22:06   Page 8 of 8

**Redwood** Capital Bank

P.O. Box 1401 Eureka, CA 95502 · TEL 707.**444.9800**

CASHIER'S CHECK

90-43752 / 1211   No. **054414**

March 3, 2026

$ *#*******2,650.00

Pay to the Order of   CITY OF EUREKA

Dollars

Two Thousand Six Hundred Fifty Dollars AND 00/100

AUTHORIZED SIGNATURE

MP

REMITTER   ZEPHYR HOSPITALITY LLC

⑈054414⑈ ⑆1211437521⑆ 9800000001⑈

---

**Redwood** Capital Bank

P.O. Box 1401 Eureka, CA 95502 · TEL 707.**444.9800**

PURCHASER'S RECEIPT — RETAIN FOR YOUR RECORDS

**CASHIER'S CHECK**

90-43752 / 1211   No. **054414**

CITY OF EUREKA

March 3, 2026

Two Thousand Six Hundred Fifty Dollars AND 00/100   NON NEGOTIABLE   ********2,650.00

NOTICE TO CUSTOMERS—THE PURCHASE OF AN INDEMNITY BOND AND A 90 DAY WAITING PERIOD MAY BE REQUIRED BEFORE THIS CHECK WILL BE REPLACED OR REFUNDED IN THE EVENT IT IS LOST, MISPLACED OR STOLEN.

MEMORANDUM

FOR

ZEPHYR HOSPITALITY LLC