# MOTION TO EXTEND AUTOMATIC STAY

UNITED STATES BANKRUPTCY COURT

Northern District of California



FILED

APR 01 2026

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:

Zephyr Hospitality LLC

Debtor

Case No.: 26-10132

## MOTION TO EXTEND AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(c)(3)

### I. INTRODUCTION

Debtor, Zephyr Hospitality LLC ("Debtor"), respectfully moves this Court for an order extending the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B).

Debtor previously filed a bankruptcy case that was dismissed within the preceding year. As a result, the automatic stay in the present case is scheduled to expire on the 30th day after filing unless extended by this Court.

This Motion is made in good faith and demonstrates that the current case has been filed in good faith and that circumstances have materially improved such that a successful reorganization is reasonably likely.

### II. BACKGROUND

Debtor filed the present Chapter 11 Subchapter V case on March 6, 2026.

A prior bankruptcy case was dismissed within the preceding year. The dismissal was not the result of bad faith, but rather due to temporary financial and operational disruptions, including a robbery that materially impacted business operations and the Debtor's ability to meet procedural deadlines.

Since that time, the Debtor has taken substantial steps to stabilize operations and improve financial performance.

## III. CHANGED CIRCUMSTANCES

Since the dismissal of the prior case, the Debtor has materially improved its financial and operational condition, including:

- Continued operation of its business

- Generation of approximately $6,000 in revenue during the current reporting period

- Maintenance of payroll, with all payroll obligations current

- Payment of ongoing post-petition rent obligations in the ordinary course of business

- Maintenance of approximately $6,500 in cash on hand

- Reduction and control of operating expenses to approximately $1,000 per week

- Filing of a Monthly Operating Report demonstrating financial transparency and compliance

- Ongoing efforts to bring all tax obligations current, with payroll taxes already paid and other taxes actively being addressed

These improvements demonstrate that the Debtor is operating in a more stable and sustainable manner than at the time of the prior case dismissal.

## IV. GOOD FAITH

The current case has been filed in good faith.

Debtor has demonstrated:

- Active business operations

- Ongoing revenue generation

- Payment of payroll obligations

- Payment of post-petition rent obligations

- Engagement with court reporting requirements

- A clear intent and ability to reorganize

The prior case dismissal resulted from temporary disruption, not from bad faith or inability to reorganize.

## V. RELIEF REQUESTED

Debtor respectfully requests that the Court:

1. Extend the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B) as to all creditors

2. Set this Motion for expedited hearing prior to April 5, 2026, the date on which the automatic stay would otherwise expire

3. Grant such other and further relief as the Court deems just and proper

Dated: March 30, 2026

/s/ Nicole R. Fryer

Nicole R. Fryer

Debtor, Zephyr Hospitality LLC

# DECLARATION OF NICOLE R. FRYER

I, Nicole R. Fryer, declare as follows:

1. I am the Debtor in this case and the owner/operator of Zephyr Hospitality LLC. I have personal knowledge of the facts stated herein.

2. I previously filed a bankruptcy case that was dismissed within the past year. That case was impacted by temporary financial and operational disruptions, including a robbery that materially affected business operations and my ability to comply with required deadlines.

3. Since the dismissal of the prior case, I have taken significant steps to stabilize the business and improve operations.

4. The business is currently operating and generating revenue. During the current reporting period, approximately $6,000 in revenue has been generated.

5. Payroll obligations are current and have been paid.

6. The Debtor is current on post-petition rent obligations and is continuing to make rent payments in the ordinary course of business.

7. The business currently maintains approximately $6,500 in cash on hand.

8. Operating expenses have been reduced and are approximately $1,000 per week.

9. A Monthly Operating Report has been prepared and submitted, reflecting the Debtor's current financial position.

10. Payroll taxes have been paid. Other tax obligations, including CDTFA, TOT, and property taxes, are being actively addressed and brought current.

11. I believe this case has been filed in good faith and that there is a reasonable likelihood of successfully reorganizing.

12. It is critical that the automatic stay remain in place to allow the business to continue operating and to prevent disruption from creditor actions.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 30, 2026

/s/ Nicole R. Fryer

Nicole R. Fryer