# UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

FILED

APR 01 2026

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:

ZEPHYR HOSPITALITY LLC,

Debtor.

Case No.: 26-10132

Chapter 11

# EMERGENCY MOTION TO COMPEL RESTORATION OF WASTE REMOVAL SERVICE AND FOR SANCTIONS

## I. INTRODUCTION

Debtor, Zephyr Hospitality LLC ("Debtor"), hereby moves this Court for an emergency order compelling immediate restoration of waste removal service discontinued by Recology ("Recology"), and for sanctions or such other relief as the Court deems appropriate.

Recology's removal of the Debtor's garbage dumpster from its operating hospitality property has created immediate health and safety concerns and interferes with Debtor's ability to continue operations during an active Chapter 11 reorganization.

## II. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

Venue is proper in this district.

## III. FACTUAL BACKGROUND

1. Debtor filed a voluntary petition for relief under Chapter 11 on March 5, 2026.

2. Debtor operates Humboldt Bay Social Club, an active hospitality business requiring ongoing sanitation and waste removal to maintain lawful operations.

3. Recology has historically provided waste removal services to the property.

4. On or about March 30, 2026, Recology removed the garbage dumpster from the property without court authorization.

5. Recology has asserted that:

   o Service is "not essential," and

   o The property is outside city limits

6. Prior to and/or contemporaneously with the removal, Debtor made a good faith payment of $1,600 toward the account.

7. Debtor has expressed willingness to remain current on post-petition obligations and to provide reasonable assurance of payment.

8. Despite this, Recology has refused to restore service unless additional conditions are met and/or has refused service entirely.

9. The removal of waste services:

   o Creates immediate sanitation and health risks

   o Threatens Debtor's ability to operate lawfully

Case: 26-10132 Doc# 34 Filed: 04/01/26 Entered: 04/01/26 14:32:51 Page 2 of 5

o   Interferes with ongoing business operations and reorganization efforts

# IV. LEGAL ARGUMENT

## A. Violation of the Automatic Stay (11 U.S.C. § 362)

The automatic stay prohibits any act to collect or recover a pre-petition claim.

To the extent Recology's actions were based in whole or in part on pre-petition balances, removal of service constitutes an impermissible act to collect such debt.

## B. Interference with Property of the Estate (11 U.S.C. § 541)

Debtor's business operations constitute property of the estate.

Actions that disrupt those operations—including removal of necessary services—constitute interference with estate property and undermine the purpose of Chapter 11.

## C. Improper Disruption of Necessary Operational Services

Waste removal is necessary for:

- Maintaining sanitary conditions

- Compliance with health and safety requirements

- Continued lawful operation of a hospitality business

Courts recognize that actions impairing a debtor's ability to operate during reorganization are improper and warrant relief.

### D. Debtor's Good Faith Efforts

Debtor has demonstrated good faith by:

- Making a $1,600 payment toward the account

- Offering to remain current on post-petition obligations

- Offering to provide reasonable assurance of payment

Recology's refusal to restore service despite these efforts is unreasonable and disruptive.

# V. RELIEF REQUESTED

Debtor respectfully requests that this Court:

1. Order immediate restoration of waste removal service to Debtor's property

2. Find that Recology's actions constitute a violation of the automatic stay to the extent based on pre-petition debt

3. Enjoin Recology from further interference with Debtor's operations

4. Award sanctions or other appropriate relief as the Court deems just

5. Grant such other and further relief as appropriate

# VI. CONCLUSION

Debtor is actively attempting to reorganize and maintain operations. The removal of waste services creates immediate harm and undermines that effort.

Immediate Court intervention is necessary.

Dated: March 30, 2026

Respectfully submitted,

Nicole R. Fryer

Zephyr Hospitality LLC

Debtor, Pro Se