PETER C. ANDERSON
UNITED STATES TRUSTEE
CAMERON M. GULDEN (MN SBN 310931)
ASSISTANT UNITED STATES TRUSTEE
PAUL G. LEAHY (CA SBN 320775)
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
450 Golden Gate Avenue, Fifth Floor
San Francisco, California 94102
Telephone: (415) 705-3333
Email: paul.leahy@usdoj.gov

Attorneys for Peter C. Anderson,
United States Trustee for Region 17

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SANTA ROSA DIVISION

In re

ZEPHYR HOSPITALITY LLC,

Debtor.

)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 26-10132-WJL

Chapter 11

## UNITED STATES TRUSTEE'S MOTION FOR SUPPLEMENTAL ORDER DIRECTING PRODUCTION OF DOCUMENTS AND EXAMINATION OF NICOLE FRYER PURSUANT TO FEDERAL RULE OF <u>BANKRUPTCY PROCEDURE 2004</u>

Peter C. Anderson, the United States Trustee for Region 17 ("U.S. Trustee"), by and through his undersigned counsel, hereby applies for an order directing the further production of documents and authorizing the examination of **Nicole Fryer**, the manager of Zephyr Hospitality LLC (the "Debtor") pursuant to Federal Rule of Bankruptcy Procedure 2004, on the following grounds (the "Motion"):

/ / /

/ / /

1

UST MOTION FOR SUPPLEMENTAL RULE 2004 EXAM AND TO PRODUCE DOCUMENTS – 26-10132

Case: 26-10132   Doc# 45   Filed: 05/21/26   Entered: 05/21/26 13:22:50   Page 1 of 11

## POINTS AND AUTHORITIES

**A.**      **Jurisdiction**

1.      The Bankruptcy Court has jurisdiction over bankruptcy cases pursuant to 28 U.S.C. §§ 1334 and 157(b).

2.      The U.S. Trustee is statutorily charged with the responsibility to supervise and monitor the administration of bankruptcy cases pursuant to 28 U.S.C. § 586(a)(3).

3.      The U.S. Trustee may raise and may appear and be heard on any issue in any case or proceeding under Title 11 pursuant to 11 U.S.C. § 307, including but not limited to, actions related to serial filing pursuant to sections 105, 109(g), and 349(a) and conduct by professionals pursuant to sections 110, 327, 330, 331, 526, 527, and 528 and applicable Federal Rules of Bankruptcy Procedure.

**B.**      **Background**

4.      On March 5, 2026, the Debtor filed an Official Form 101 Voluntary Petition for Non-Individuals Filings for Bankruptcy seeking relief under Chapter 11 of the Bankruptcy Code (the "Petition").  ECF No. 1.

5.      The Petition reports that the Debtor's principal place of business is 900 New Navy Base Road, Samoa, California ("the Property").  *Id.* at 1.

6.      The Petition was signed by Nicole Fryer as the Debtor's "manager."  *Id.* at 5.  An attorney did not sign the Petition.  *Id.*

7.      The Petition discloses that the Debtor had filed a prior bankruptcy case (the "Prior Case").  *Id.* at 2; *see also In re Zephyr Hospitality LLC*, Case No. 25-10808 (Bankr. N.D. Cal., filed Dec. 23, 2025).

Case: 26-10132   Doc# 45   Filed: 05/21/26   Entered: 05/21/26 13:22:50   Page 2 of 11

8. The Debtor filed a Summary of Assets and Liabilities for Non-Individuals (the "Summary"), Schedules A/B through H (the "Schedules"), a Declaration Under Penalty of Perjury for Non-Individuals (the "Declaration"), a Statement Regarding Authority to Sign and File Petition (the "Authorizing Statement"), and a Resolution of Board of Directors of Zephyr Hospitality LLC (the "Corporate Resolution") with the Petition. ECF No. 1.

9. The Debtor also filed a List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (the "List of 20 Largest Unsecured Creditors") and a Corporate Ownership Statement the same day as the Petition. ECF Nos. 4 & 5.

10. The Debtor did not file a Statement of Financial Affairs (a "SOFA") either with the Petition or thereafter. *See* Docket *generally*. A Rule 2016(b) Statement has also not been filed in this case. *See id.*

11. Although an attorney did not sign the Petition, the Authorizing Statement reflects that the Debtor had authorized and directed Nicole Fryer to employ Donald Iwuchuku (California State Bar Number 181726) to represent the corporation in such bankruptcy case. *Id.* at 16. The Authorizing Statement appears to have been executed by Nicole Fryer on December 21, 2025. *Id.*

12. The Corporate Resolution authorizing the filing of this case also appears to have been executed by Nicole Fryer on December 21, 2025. *Id.* at 17. The Corporate Resolution appears to have used white out to remove an attorney that the Debtor had "authorized and directed" Nicole Fryer to employ. *See id.*

13. The Debtor had also filed a prior petition (the "Prior Petition") to commence the Prior Case on December 23, 2025—after the date it executed the Authorizing Statement and Corporate Resolution filed in this case. *See In re Zephyr Hospitality LLC*, Case No. 25-10808 (Bankr. N.D. Cal., filed Dec. 23, 2025), ECF No. 1.

3

Case: 26-10132   Doc# 45   Filed: 05/21/26   Entered: 05/21/26 13:22:50   Page 3 of 11

14. The Court dismissed the Prior Case when the Debtor failed to file several schedules, statements, and other required documents even after the Court had granted the Debtor additional time to do so. *See* Prior Case, ECF Nos. 20, 21, 22 & 24.

15. On the Prior Petition, the attorney signature line appears to have been whited out. *See* Prior Case, ECF No. 1 at 4.

16. Otherwise, the Debtor only filed a Schedule E/F and a List of 20 Largest Unsecured Creditors in the Prior Case. Prior Case, ECF Nos. 1 & 4.

17. The U.S. Trustee appointed Gina Klump as the Subchapter V trustee in this case and the Prior Case. ECF No. 15; Prior Case, ECF No. 9.

18. The meeting of creditors scheduled by the Court in the Prior Case did not go forward because the Court dismissed the case ahead of the scheduled meeting. *See* Prior Case Docket *generally*.

19. The meeting of creditors in this case was scheduled to be held on April 6, 2026, but did not go forward because no one appeared for the Debtor. *See* Docket *generally*. The U.S. Trustee continued the meeting to April 27, 2026, though that meeting did not go forward because the case has since been dismissed on April 10, 2026. *See id.*; *see also* ECF No. 41.

20. The U.S. Trustee filed a motion for Rule 2004 examination in this case on March 23, 2026 seeking to examine Nicole Fryer concerning the circumstances surrounding the filing and administration of this bankruptcy case, and in particular, the circumstances surrounding the filing of this case and any assistance the Debtor may have received from Donald Iwuchuku, which the Court thereafter granted on March 30, 2026. ECF Nos. 20 & 29.

/ / /

/ / /

Case: 26-10132   Doc# 45   Filed: 05/21/26   Entered: 05/21/26 13:22:50   Page 4 of 11

21. During the Rule 2004 examination, Ms. Fryer testified that Carl Ransome McKissick assisted her with filing both the current and Prior Case on behalf of the Debtor and that no one else assisted her with the filings. *See* del Rosario Decl. at ¶5, Ex. A at Tr. pgs. 37:13-23, 38:7-9, 40:21-24, & 41:6-13. According to Ms. Fryer's testimony, Dave Mosier recommended Mr. McKissick to Ms. Fryer. *See id.* at Tr. pgs. 40:6-20.

22. Consulting her smartphone during the examination, Ms. Fryer testified that she had exchanged 10 emails, a couple of dozen text messages "give or take a few," and had a couple of dozen calls with Mr. McKissick at his (408) 690-4830 telephone number and his lowcostlegaldocuments@gmail.com email address. *See id.* at Tr. pgs. 38:20-40:4l, 98:15-99:6, & 100:3-101:5.

23. The U.S. Trustee immediately thereafter requested Ms. Fryer provide all 10 emails, screenshots of the roughly two dozen text messages, and screenshots of the call logs of the roughly two dozen phone calls she had exchanged with Carl Ransome McKissick. *See* del Rosario Decl. at ¶6. In the month since, Ms. Fryer has not provided the requested documents. *See id.*

24. Carl Ransome McKissick, Jr. has been permanently enjoined by this Court from acting as a "bankruptcy petition preparer" and "debt relief agency" "in connection with a case filed in the Northern District of California." *See Davis v. Gorson, et al.*, Adv. Pro. No. 13-03249 (Bankr. N.D. Cal., filed Nov. 22, 2013), ECF No. 70.

**C. <u>Authority</u>**

25. Federal Rule of Bankruptcy Procedure 2004 allows for examination of any entity by order of the Court. Fed. R. Bankr. P. 2004(a). The scope of the examination, as set forth in the Rule, may relate to "*<u>the acts</u>*, conduct, or property or to the liabilities and financial condition *<u>of the debtor</u>*, *<u>or to any matter</u>* which may affect the administration of the debtor's estate . . . [.]" Fed. R. Bankr. P. 2004(b). (Emphasis added).

**D.** **Discussion**

26.     The U.S. Trustee is a proper party in interest to request an order from this Court for directing the production of documents and authorizing the examination of **Nicole Fryer**, pursuant to Fed. R. Bankr. P. 2004.

27.     The U.S. Trustee seeks to further inquire into the Debtor's financial affairs and matters affecting the administration of the estate, including any assistance the Debtor may have received from Carl Ransome McKissick or other professionals employed by the Debtor who assisted it in the preparation and filing of the petition, statements, and schedules in this bankruptcy case.

28.     The U.S. Trustee requests that **Nicole Fryer,** be ordered to produce documents as set forth in Attachment A by June 5, 2026, or at another time mutually agreeable in writing by and between the U.S. Trustee and **Nicole Fryer**, to the attention of Trial Attorney Paul G. Leahy electronically via email to Paul.Leahy@usdoj.gov so as to be **received on or before June 5, 2026**.

29.     The U.S. Trustee also requests that **Nicole Fryer** be ordered to appear for and submit to an examination that will be taken under oath and recorded by a court reporter, pursuant to Bankruptcy Rule 2004, on **June 23, 2026 at 10:00 a.m.,** or agreed upon by the parties, either remotely via a video-conference link to be provided by the court reporter service or in person, if necessary, at the U.S. Trustee San Francisco or San Jose Field Offices as more fully set forth in Attachment A.  The location, date and time of the examination may be re-scheduled as may be agreed to in writing by the U.S. Trustee and **Nicole Fryer**.  The Rule 2004 Examination may be continued by the U.S. Trustee until completed.

/ / /

/ / /

30. The scope of the U.S. Trustee's examination includes, but is not limited to, inquiring about the nature and extent of the Debtor's financial affairs, matters affecting the administration of the estate, and any assistance the Debtor may have received from Carl Ransome McKissick or other professionals employed by the Debtor who assisted it in the filing of the petition, statements, and schedules in this bankruptcy case or the Prior Case.

**E.    Reservation of Rights**

31. The U.S. Trustee reserves the right to seek further Court authority to conduct further examination, request additional documents and/or issue subpoenas as he continues his review of the Debtor.[1]

**CONCLUSION**

WHEREFORE, the U.S. Trustee respectfully requests that the Court issue an Order directing the production of documents stated in Attachment A and authorizing the examination of **Nicole Fryer** pursuant to Fed. R. Bankr. P. 2004 and Fed. R. Civ. P. 45 as made applicable through Fed. R. Bankr. P. 9016 as set forth herein, and for other and further relief as is just and appropriate.

Date: May 21, 2026          Respectfully Submitted,

                            PETER C. ANDERSON
                            UNITED STATES TRUSTEE

                     By:    */s/ Paul G. Leahy*
                            Paul G. Leahy
                            Trial Attorney for the United States Trustee

---

[1] The U.S. Trustee brings the instant Motion so that he may subpoena Ms. Fryer to procure the requested documents since Ms. Fryer has not timely provided the requested documents.

UST MOTION FOR SUPPLEMENTAL RULE 2004 EXAM AND TO PRODUCE DOCUMENTS – 26-10132

# ATTACHMENT A

## REQUEST FOR PRODUCTION OF DOCUMENTS

### A.  Instruction

For purposes of this request, terms used have the following meanings and intents:

1. As used herein, the terms "YOU" or "YOUR", means **Nicole Fryer**, including, but not limited to, your agents, attorneys, accountants, staff, employees, contractors, and any representatives.

2. As used herein, the term "DEBTOR" means **Zephyr Hospitality LLC**, including, but not limited to, its agents, attorneys, accountants, staff, employees, contractors, and any representatives.

3. As used herein, the term "CARL RANSOME MCKISSICK" means **Carl Ransome McKissick**, including, but not limited to, his agents, attorneys, accountants, staff, employees, contractors, and any representatives.

4. BANKRUPTCY CASES means those cases filed in the United States Bankruptcy Court for the Northern District of California by DEBTOR, including, but limited to, *In re Zephyr Hospitality LLC*, Case No. 25-10808 (Bankr. N.D. Cal., filed Dec. 23, 2025), & *In re Zephyr Hospitality LLC*, Case No. 26-10132 (Bankr. N.D. Cal., file Mar. 5, 2026)**.**

5. As used herein, the term "DOCUMENT(S)" shall have the same meaning as the word "writing" as defined in Rule 1001 (1) of the *Federal Rules of Evidence* and includes, without limitation, any kind of written, typewritten, printed or graphic material, any tangible means of recording any form of a statement, communication or representation, and all other date compilations in which information can be obtained (translated, if necessary, by YOU or detection devices in a reasonably usable form), including, but not limited to writings and all nonidentical copies of drafts thereof, notes, memoranda, letters, email, facsimiles, calendars, appointment books, diaries, records, ledgers, ledger cards, correspondence, microfiche, notes or minutes of meetings or conversation, catalogues, pamphlets, computer discs, computer cards, computer printouts, tapes and sound recordings, photo records, interoffice and intra office communications, report, photographs, cables, telexes, telegrams, telecopies, account books, ledger sheets, cancelled checks, invoices, bills, receipts, financial statements, and cellular text communications.

6. IF DOCUMENTS responsive to these requests are withheld on grounds of attorney-client privilege, identify each DOCUMENT by stating its date, author, originator, the date authorized or originated, the name of each person to whom the original or copy was addressed or delivered, a brief description of the type of DOCUMENT, (e.g.; "letters", "memorandum", etc.), a brief description of the subject matter of the DOCUMENT and the request to which the DOCUMENT is responsive and the privilege asserted. A copy of a redacted version of the DOCUMENT is to be attached to the privilege log.

UST MOTION FOR SUPPLEMENTAL RULE 2004 EXAM AND TO PRODUCE DOCUMENTS – 26-10132

7. If any DOCUMENT described herein was in YOUR possession, custody or control but has been disposed of, lost, discarded, or destroyed, identify such DOCUMENT, specify its author, addressee, date, subject matter, and all persons to whom copies were furnished; described the contents of the DOCUMENT, state when the DOCUMENT was within YOUR possession, custody or control; state the locations of the disposed DOCUMENT and the locations of any alternative copies of lost, discarded or destroyed DOCUMENT, the date or approximate time of the disposition, loss or destruction or discarding, and the person responsible therefor.

8. In responding to each of the following requests, provide all DOCUMENTS in YOUR possession, custody or control, including any and all DOCUMENTS in YOUR possession or available to YOUR attorneys, investigators, agents, accountants, staff, employees, contractors, and/or other representatives, as well as any and all other persons acting directly or indirectly on YOUR behalf and/or in YOUR interest. If YOUR response is that the DOCUMENT requested is not in YOUR possession or custody, describe in detail the efforts YOU made to locate the DOCUMENT. If YOUR response is that the DOCUMENT is not in YOUR control, identify the person or entity in control of the DOCUMENT and the location of the DOCUMENT.

9. In producing DOCUMENTS and information, YOU are requested to furnish all DOCUMENTS or things in YOUR possession, custody or control, or known or available to YOU.

10. In producing DOCUMENTS, YOU are requested to produce the original of each DOCUMENT requested together with all nonidentical copies and drafts of that DOCUMENT.

11. All comments, notes or signatures appearing on any DOCUMENT, and not a part of the original, are to be considered a separate DOCUMENT, and all drafts, preliminary forms or superseded versions of any DOCUMENT also are to be considered a separate DOCUMENT.

12. All DOCUMENTS should be produced in the same order as they are kept or maintained.

13. All DOCUMENTS should be produced in the file, folder, envelope or other container in which the DOCUMENTS are kept or maintained. If for any reason the container cannot be produced, please produce copies of all labels or other identifying markings.

14. DOCUMENTS attached to each other must not be separated.

## B. **Documents to Produce**

The U.S. Trustee requests the following documents to be produced by **Nicole Fryer**, to the attention of Trial Attorney Paul G. Leahy electronically via email to Paul.Leahy@usdoj.gov so as to be received on or before June 5, 2026:

UST MOTION FOR SUPPLEMENTAL RULE 2004 EXAM AND TO PRODUCE DOCUMENTS – 26-10132

a. Provide any and all DOCUMENTS, including a government issued driver's license, passport, passport card, military identification, or other DOCUMENTS establishing YOUR identity.

b. Provide any and all DOCUMENTS for YOUR most recently filed federal and state income tax return.

c. Provide any and all DOCUMENTS, including phone or email contact entries, in YOUR possession that provide a phone number for Dave Mosier.

d. Provide any and all DOCUMENTS, including phone or email contact entries, in DEBTOR'S possession that provide a phone number for Dave Mosier.

e. Provide any and all DOCUMENTS, including phone or email contact entries, in YOUR possession that provide an email address for Dave Mosier.

f. Provide any and all DOCUMENTS, including phone or email contact entries, in DEBTOR'S possession that provide an email address for Dave Mosier.

g. Provide any and all DOCUMENTS, including phone or email contact entries, in YOUR possession that provide a mailing address for Dave Mosier.

h. Provide any and all DOCUMENTS, including phone or email contact entries, in DEBTOR'S possession that provide a mailing address for Dave Mosier.

i. Provide any and all DOCUMENTS, including emails, U.S. Mail, and attachments, exchanged between YOU and CARL RANSOME MCKISSICK during the period between January 1, 2024 and the present in connection with these BANKRUPTCY CASES.

j. Provide any and all DOCUMENTS, including emails, U.S. Mail, and attachments, exchanged between DEBTOR and CARL RANSOME MCKISSICK during the period between January 1, 2024 and the present in connection with these BANKRUPTCY CASES.

k. Provide any and all DOCUMENTS, including text messages, exchanged between YOU and CARL RANSOME MCKISSICK during the period between January 1, 2024 and the present in connection with these BANKRUPTCY CASES.

Case: 26-10132   Doc# 45   Filed: 05/21/26   Entered: 05/21/26 13:22:50   Page 10 of 11

l. Provide any and all DOCUMENTS, including text messages, exchanged between DEBTOR and CARL RANSOME MCKISSICK during the period between January 1, 2024 and the present in connection with these BANKRUPTCY CASES.

m. Provide any and all DOCUMENTS, including call logs, of telephone calls exchanged between YOU and CARL RANSOME MCKISSICK during the period between January 1, 2024 and the present in connection with these BANKRUPTCY CASES.

n. Provide any and all DOCUMENTS, including call logs, of telephone calls exchanged between DEBTOR and CARL RANSOME MCKISSICK during the period between January 1, 2024 and the present in connection with these BANKRUPTCY CASES.

o. Provide any and all DOCUMENTS showing payments YOU made to CARL RANSOME MCKISSICK during the period January 1, 2025 and the present in connection with these BANKRUPTCY CASES.

p. Provide any and all DOCUMENTS showing payments DEBTOR made to CARL RANSOME MCKISSICK during the period January 1, 2025 and the present in connection with these BANKRUPTCY CASES.

## C. **Examination by Telephone and/or Microsoft Teams**

The U.S. Trustee will be conducting the Rule 2004 Examination remotely using a video-conference link to be provided by the court reporter service or in person, if necessary, at the U.S. Trustee San Francisco or San Jose Field Offices.

**Nicole Fryer** shall appear for and submit to an examination that will be taken under oath and recorded under Rule 2004, on **June 23, 2026 at 10:00 a.m.**, or on location, date and time as may be agreed to in writing by the U.S. Trustee and **Nicole Fryer**. The Rule 2004 Examination may be continued by the U.S. Trustee until completed.

The testimony shall take place before an official reporter and will be recorded. **Nicole Fryer** will be placed under oath.

*****END OF ATTACHMENT*****

UST MOTION FOR SUPPLEMENTAL RULE 2004 EXAM AND TO PRODUCE DOCUMENTS – 26-10132